09-20244.or3

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

Case Number:  09-20244-CIV-MARTINEZ-BROWN

PRINCIPAL LIFE INSURANCE COMPANY,

     Plaintiff,

vs.

SAM MEYER, AS TRUSTEE FOR THE
MIGNON KOPEL INSURANCE TRUST,
et al.,

     Defendants.

_____/

### ORDER DENYING MOTION FOR RELIEF AND/OR
### TO RECONSIDER ORDER IMPOSING SANCTIONS
### AGAINST ATTORNEY SCOTT A. ORTH

**This matter** is before this Court on attorney Scott Alan Orth's Motion for Relief and/or to

Reconsider Order Imposing Sanctions (D.E. 115).  The Court has considered the motion and all

pertinent materials in the file.

Sadly, the motion validates more than it calls into question the order imposing sanctions.  In

the first place the motion states "Beyond anything else, this finding is false and fails to consider the

evidence referred to and proffered at the hearing...".  This Court accepted as true counsel's

representations as to the proffered materials - therefore there was no need to "admit" same. The

"evidence" that attorney Orth ("Orth") wishes this Court to consider is irrelevant to the Court's

decision and the basis for same - it was not rejected for falsity or anything else.  Accordingly, there

1

is no need for the evidentiary hearing that Orth now requests.[1]

Orth confirms rather than calls into question that he continues to misunderstand his responsibilities to the Court. They are not what he wants them to be, but what the Court's management of its calendar dictates. He completely ignores the exceptional circumstances that led to the setting of this hearing and the reasons for same. Some hearings may be considered "routine" - those set when there are serious discovery matters pending, a rapidly approaching trial date, and a discovery deadline that has passed, are not.

Not without notice, this motion comes "full circle" in that the first reason for Orth's unavailability was because of travel for Chanukah (see D.E. 95). The second was for travel related to his fiftieth birthday, with no mention at all of Chanukah (D.E. 108). The third now incorporates the first and second (see ¶3c). This motion now states, for the first time, that Judge Martinez' Order striking Orth's Notice of Unavailability was "inexplicably misplaced" (¶3d). This was not mentioned in response to the Order to Show Cause (D.E. 108) and was never mentioned at the hearing Orth has already been given on the matter. While his staff "insists that the facts ... were communicated to the Court", (Id.), they apparently don't even know which Court they communicated with! The affidavits filed reflect the substance of conversations with Judge Martinez' chambers ... however it was the chambers of the undersigned that advised that the Notice of Unavailability was stricken and that a motion for continuance should be filed.

The situation, unfortunately, gets more egregious. Paragraph 3e of the instant motion

---

[1] The Court notes that what Orth is requesting is actually a "third bite at the apple". There was an Court's Order to Show Cause which was responded to in writing (hearing one). It sought discharge of the Order without a hearing which was denied resulting in the hearing of January 29, 2010 at which time argument by Orth was heard and considered (hearing two).

indicates that a motion was filed in this Court under the signature of Orth by someone who is not authorized to practice law, because some else "completely trusted to communicate with courts when necessary" (but who is also not authorized to practice law) was unavailable, which motion admittedly was not approved or authorized or reviewed by any attorney! What, exactly, would Orth have this Court do with regard to this "revelation"...shrug its shoulders and disregard same...or forward same for criminal prosecution? See, e.g., Fla. Stat. §454.23; Jay M. Zitter, *What Constitutes Unauthorized Practice of Law by Paralegal*, 109 A.L.R. 5th 275(2003). However, Orth's attempt to "throw someone else under the bus," doesn't change his duties and responsibilities as an officer of the court.

Paragraph 3f is a rehash of an old theme, and it is this issue, precisely, that makes it clear that Orth still does not understand who it is that controls the dockets of the Courts. He sent out a notice "at a time when counsel had committed to take a sabbatical and to travel outside of the country for an extended time". As "already beaten to death," that notice was stricken by Judge Martinez many months before the issue related to this hearing, yet at no time did Orth simply seek permission from the Court to take this extended leave! Orth goes into great detail about the status of settlement on this case and the e-mails related thereto and suggests that the Court questions his veracity in that regard (¶3h). That is incorrect - this Court has never questioned those facts. The issue was never the status of the case, but rather the status of the case as communicated to the Court.

Counsel seeks permission to file the e-mails in camera. If counsel wishes to do so he may, but they were and continue to be irrelevant to his failure to appear at a hearing (the more minor issue) and the (now 3-ring) "circus" surrounding his attempts to explain same (the more major issue). Not only does this motion reflect mistakes made by Orth in leaving the country under his own terms, but, more significantly, when reviewing this motion and considering the steps taken to insure that his

3

office (and more importantly his clients - to say nothing of the Court) would be properly dealt with in his absence, the Court is left to question whether the sanctions imposed were sufficient!

Therefore, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Motion for Relief and/or to Reconsider Order Imposing Sanctions is hereby **DENIED**.

2. Within five (5) days of the date of this Order, Orth shall show cause, in writing, - not to exceed five (5) pages - why further action should not be taken with respect to the issue of the unauthorized practice of law, specifically the reference of this matter to the State Attorney's Office for review.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of March, 2010.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:     Honorable Jose E. Martinez
        counsel of record

4